UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA WARMBIER, *individually and as personal representative of the Estate of Otto Warmbier, et al.*,<br><br>                  Plaintiffs/Judgment Creditors,<br><br>  -against-<br><br>DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA,<br><br>                  Defendant/Judgment Debtor;<br><br>STATE OF NEW YORK, OFFICE OF THE STATE COMPTROLLER, THOMAS P. DINAPOLI,<br><br>                  Garnishee. | Case No. 1:21-MC-0021 (LEK/DJS) |

**PETITION FOR TURNOVER ORDER
PURSUANT TO FED. R. CIV. P. 69 AND N.Y.C.P.L.R. § 5225(b)**

Plaintiffs/Judgment Creditors Cynthia Warmbier and Frederick Warmbier, individually, and as personal representatives of the Estate of Otto Warmbier (together, the "Judgment Creditors"), by and through their undersigned attorneys, hereby petition this Court as follows:

**NATURE OF THE PETITION**

1. This is a turnover proceeding pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), codified at 28 U.S.C. § 1610 note, Federal Rule of Civil Procedure 69, and New York Civil Practice Law and Rule ("NYCPLR") § 5225(b) for entry of an order directing garnishee, State of New York, Office of the State Comptroller, Thomas P. Dinapoli (the "Comptroller" or "Garnishee") to turn over to the Judgment Creditors certain funds in its

possession in partial satisfaction of the judgment the Judgment Creditors hold against the Democratic People's Republic of Korea ("North Korea").

2.      The funds at issue (the "Subject Funds") consist of approximately $240,336.41 plus any accrued interest, held by the Comptroller, which have been blocked by the United States Department of the Treasury, Office of Foreign Assets Control, pursuant to certain executive sanctions, and which constitute assets of Korea Kwangson Banking Corporation ("KKBC"), an agency or instrumentality of North Korea.

## JURISDICTION

3.      This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as a civil action arising under federal law.

4.      This Court has personal jurisdiction over the Garnishee because its headquarters are located in this District.

5.      This Court has jurisdiction over the Subject Funds as they are, upon information and belief, held by the Garnishee in this District.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is situated in this District and because the Garnishee has an office located in this District.

7.      Consistent with the Second Circuit's holdings, the Judgment Creditors have filed this petition initiating a turnover proceeding in this pre-existing docket, which relates to their execution and attachment efforts in this District, rather than initiating a new action through which this turnover proceeding may be adjudicated. *See CSX Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468–69 (2d Cir. 2018) (holding that party seeking money judgment against non-party garnishee can proceed by motion rather than through separate proceeding); *Trust*

*v. Kummerfeld*, 153 Fed. App'x 761, 763 (2d Cir. 2005) (authorizing relief under NYCPLR 5225 by motion rather than by separate proceeding); *see also Mitchell v. Lyons Pro. Servs., Inc.*, 727 F. Supp. 2d 120, 121-25 (E.D.N.Y. 2010) (holding that "Federal Rule of Civil Procedure 69(a) does not require strict adherence to state procedural law, and that the judgment creditor may seek the relief provided under state law through a motion made in the original federal action"); *id.* at 125 ("[O]ther than the generation of an additional filing fee for the commencement of a separate proceeding in this Court, there seems no reason to compel plaintiffs to start over when there is a vehicle for relief presently pending."); Vincent C. Alexander, N.Y.C.P.L.R. 103, Official Commentary, C103:3 ("[I]f a party applies for judicial relief by way of a motion when proper procedure would require the commencement of a special proceeding, or vice versa, the court can simply treat the matter as having been raised by the appropriate mechanism and proceed to the merits of the application.").

**PARTIES**

8. Judgment Creditors Cynthia Warmbier and Frederick Warmbier are individuals residing in the state of Ohio and are the personal representatives of the Estate of Otto Warmbier.

9. North Korea is a foreign state within the meaning of 28 U.S.C. § 1603(a) and the judgment debtor pursuant to the Judgment (as defined herein). North Korea is also a "terrorist party" as defined under TRIA.

10. Garnishee State of New York, Office of the State Comptroller, Thomas P. Dinapoli is an agency of the State of New York headquartered in Albany, New York. Garnishee serves as the custodian of certain unclaimed funds for the state of New York, including the Subject Funds.

3

**BACKGROUND**

11. On December 24, 2018, the U.S. District Court for the District of Columbia ("D.C. District Court") entered a judgment against North Korea under Section 1605A(c) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq*. ("FSIA") in the amount of $501,134,683.80 (the "Judgment") for the torture, hostage taking and extrajudicial killing of Judgment Creditors' son, Otto Warmbier.  Judgment Creditors hold the Judgment in their individual capacities as well as their capacities as personal representatives of the Estate of Otto Warmbier.

12. On April 9, 2019, the D.C. District Court entered an order pursuant to 28 U.S.C. § 1610(c), authorizing the Judgment Creditors to seek attachment and execution to satisfy the Judgment.

13. On March 17, 2021, the Judgment Creditors duly registered the Judgment with this Court.  *See* Dkt. No. 1 (Registration of Foreign Judgment).

14. On or around March 23, 2021, the Judgment Creditors submitted to the Court a proposed writ of execution relating to the Subject Funds and filed a corresponding sealing motion on March 26, 2021.  *See* Dkt. Nos. 4 ("Proposed Writ"), 5 ("Motion to Seal").

15. On March 31, 2021, this Court directed the Judgment Creditors "to file a memorandum of law under seal establishing their entitlement to a writ of execution under § 201(a) of the Terrorism Risk Insurance Act ("TRIA") and any other applicable federal or state substantive requirements."  *See* Dkt. No. 6.

16. Accordingly, on April 2, 2021, the Judgment Creditors filed under seal a memorandum and declaration in support of the issuance of the Proposed Writ (the "Writ Motion"). *See* Dkt. No. 7.

17. On April 8, 2021, the Court issued, under seal, an order (the "Writ Order"), finding that Judgment Creditors were entitled to issuance of a writ of execution and, among other things, directing the Clerk of the Court to issue the writ of execution (the "Writ") and the Judgment Creditors to cause the Writ to be served upon the Comptroller as garnishee. *See* Dkt. No. 8.

18. Also on April 8, 2021, the Clerk of the Court issued the Writ, under seal, relating to the Subject Funds to partially satisfy the Judgment. *See* Dkt. No. 9.

19. On or about April 21, 2021, the U.S. Marshal Service effected service of the Writ on the Comptroller. *See* Dkt. No. 12.

20. On April 28, 2021, the Court entered an order granting the Judgment Creditors' motion to share copies of the Writ Motion and the Writ Order with the Comptroller in order to allow for the Judgment Creditors and the Comptroller to confer, pursuant to a governing protective order (the "Protective Order," s*ee* Dkt. No. 5, Ex. 3), on which information contained within the sealed documents may be disclosed publicly. *See* Dkt. Nos. 11, 13.

21. On June 30, 2021, after conferring with the Comptroller, the Judgment Creditors filed an unopposed motion to unseal, with limited redactions, the Writ Motion, the Writ Order, and the Writ, and the Court granted such motion on July 1, 2021. *See* Dkt. Nos. 15, 17.

**RELEVANT LAW AND PREVIOUS FINDINGS OF THE COURT**

22. This Court is well familiar with the relevant provisions of TRIA, including Section 201(a), which provides parties such as the Judgment Creditors a mechanism by which to attach the blocked assets of a terrorist party judgment debtor or any agency or instrumentality of that terrorist party. Specifically, the Court has already issued an order analyzing attachment under Section 201(a) of TRIA in this matter in connection with the issuance of the Writ Order. *See* Writ Order

at 2-4 (*citing, inter alia*, *Calderon-Cardona v. Bank of N.Y. Mellon*, 770 F.3d 993, 998 (2d Cir. 2014)).

23. In the Writ Order, based on the facts and evidence set forth in the Writ Motion, the Court held that all requirements under Section 201(a) of TRIA were satisfied such that the Judgment Creditors were entitled to the issuance of the Writ regarding the Subject Funds. Specifically, the Court found:

   a. That the Judgment Creditors obtained the Judgment against North Korea, *see* Writ Order at 4;

   b. That the Judgment was against a "terrorist party" as defined by TRIA, *see id.* (*citing* TRIA, § 201(d)(4));

   c. That the Judgment was based on an act of terrorism, *see id.* at 5;

   d. That the Subject Funds are blocked assets as defined by TRIA, *see id.* at 5-6; and

   e. That KKBC is an agent or instrumentality of North Korea, a terrorist party, as those terms are defined for purposes of TRIA, *see id.* at 6-8.*

24. NYCPLR § 5225(b) states, in relevant part, that "[u]pon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest…where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money…to a designated sheriff."

---

* Although not explicitly discussed in the Writ Order, based on the evidence and facts put forth in the Writ Motion, the Subject Funds constitute funds of KKBC because, *inter alia*, the Subject Funds were held in an account titled to KKBC. *See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 86 (2d Cir. 2002) ("When a party holds funds in a bank account, possession is established, and the presumption of ownership follows.").

25. "By its express language, the rule provides for a two-step analysis in determining whether property belonging to a judgment debtor—but in the possession of a third party—should be turned over to a judgment creditor. First, it must be shown that the judgment debtor 'has an interest' in the property the creditor seeks to reach. Where this first step is satisfied, the trial court must, second, then make one of two findings: it must find either that the judgment debtor is 'entitled to the possession of such property,' or it must find that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is. Only after both steps of the analysis are demonstrated may the trial court order the transferee to turn over the property to the judgment creditor." *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840–41 (2d Cir. 1991). *See also Miller v. City of Ithaca, New York*, No. 3:10-CV-00597(BKS/DEP), 2019 WL 2502712, at *2 (N.D.N.Y. June 17, 2019).

26. Here, as established by the Writ Order, Judgment Debtor North Korea has an interest in the Subject Funds because they constitute property of KKBC, an agent or instrumentality of North Korea.

27. In addition, by virtue of the attachment and execution rights afforded to the Judgment Creditors by TRIA, their interest in the Subject Funds is superior to that of the Comptroller, which is holding the Subject Funds as a custodian of unclaimed funds.

## CLAIM FOR RELIEF

28. The Judgment Creditors repeat and reallege the allegations and facts set forth on paragraphs 1 through 27 as if fully set forth herein.

29. The Judgment Creditors are entitled to enforce the Judgment, which is unsatisfied, against the Subject Funds pursuant to TRIA and NYCPLR § 5225(b).

## ADDITIONAL PROCEDURAL STEPS

30. In addition to serving this Petition upon Garnishee, the Judgment Creditors intend to provide notice of, and/or serve this Petition on, one or more additional entities to satisfy their legal obligations with respect to its Claim for Relief. Judgment Creditors shall file with the Court a motion setting forth details regarding such notice and/or service and seeking related relief.

## PRAYER FOR RELIEF

Wherefore, the Judgment Creditors pray that this Court enter an Order (a proposed form of which shall be filed with the Court once all applicable entities have been noticed and/or served with this Petition) pursuant to TRIA § 201, Federal Rule of Civil Procedure 69, and New York Civil Practice Law and Rule § 5225(b):

(A) Directing Garnishee to turn over the Subject Funds, including any accrued interest, to Judgment Creditors in partial satisfaction of the Judgment; and

(B) Granting such further relief the Court deems just and proper.

Dated: July 19, 2021

                Respectfully submitted,

                *s/ Jason H. Cowley*
                Jason H. Cowley
                NDNY Bar No. 70260
                McGuireWoods LLP
                1251 Avenue of the Americas, 20th Floor
                New York, NY 10020
                Telephone: (212) 548-2138
                Email: jcowley@mcguirewoods.com

                *Attorney for Judgment Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2021, the foregoing document was served upon the following counsel by email:

    Wendy Reeder
    wreeder@osc.ny.gov

    Michael Kogut
    mkogut@osc.ny.gov

    *s/ Jason H. Cowley*
    Jason H. Cowley