UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA WARMBIER, *individually and as personal representative of the Estate of Otto Warmbier, et al.*,<br><br>                Plaintiffs/Judgment Creditors,<br><br>   -against-<br><br>DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA,<br><br>                Defendant/Judgment Debtor;<br><br>STATE OF NEW YORK, OFFICE OF THE STATE COMPTROLLER, THOMAS P. DINAPOLI,<br><br>                Garnishee. | Case No. 1:21-MC-00021 (LEK/DJS) |

## FINAL TURNOVER ORDER AND JUDGMENT

WHEREAS Plaintiffs/Judgment Creditors Cynthia Warmbier and Frederick Warmbier, individually, and as personal representatives of the Estate of Otto Warmbier (together, the "Judgment Creditors") filed an *Unopposed Motion For Entry of Final Turnover Order and Judgment* (the "Motion") on January 12, 2022 relating to their Petition for Turnover Order  (Dkt. No. 18) (the "Turnover Petition") with respect to certain assets pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322 (2002), codified at 28 U.S.C. § 1610 note, Rule 69 of the Federal Rules of Civil Procedure, and Section 5225(b) of the New York Civil Practice Law and Rules ("NYCPLR");

WHEREAS, on December 24, 2018, the U.S. District Court for the District of Columbia ("D.C. District Court") entered a judgment against the Democratic People's Republic of Korea

("North Korea") under section 1605A(c) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.* ("FSIA") in the amount of $501,134,683.80 (the "Judgment") for the torture, hostage taking and extrajudicial killing of the Judgment Creditors' son, Otto Warmbier;

WHEREAS, on April 9, 2019, the D.C. District Court entered an order pursuant to 28 U.S.C. § 1610(c), authorizing the Judgment Creditors to seek attachment and execution to satisfy the Judgment;

WHEREAS, on March 17, 2021, the Judgment was duly registered in the U.S. District Court for the Northern District of New York;

WHEREAS, the funds subject to the Turnover Petition (the "Subject Funds") consist of approximately $240,336.41 currently held by the State of New York, Office of the State Comptroller, Thomas P. DiNapoli (the "Garnishee"), which have been blocked by the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") pursuant to North Korea Sanctions Regulations, 31 C.F.R. part 510;

WHEREAS, as previously determined by the Court in the Memorandum-Decision and Order dated April 8, 2021 (Dkt. No. 8), the Judgment Creditors have established each requisite element of Section 201(a) of TRIA, including that the owner of the Subject Funds, Korea Kwangson Banking Corporation ("KKBC"), constitutes an agency or instrumentality of terrorist party North Korea under TRIA;

WHEREAS, the Judgment Creditors have provided adequate notice of this proceeding to both North Korea and KKBC in a manner expressly authorized and approved by the Court as "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950);

WHEREAS, both North Korea and KKBC were afforded an opportunity to object to the Turnover Petition, and specifically, to contest the designation of KKBC as an agent or instrumentality of North Korea and neither North Korea nor KKBC has appeared in this action or responded to the Turnover Petition;

WHEREAS, the Garnishee has been duly served in this matter and does not oppose the entry of this Order;

WHEREAS, because the Subject Funds constitute blocked assets of an agency or instrumentality of terrorist party North Korea under TRIA, the Judgment Creditors are entitled to a turnover judgment with respect to the Subject Funds in the sum of $240,336.41 plus any accrued interest pursuant to Section 201(a) of TRIA;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT, based on the findings above:

1. The Unopposed Motion for Entry of Final Turnover Order and Judgment filed on January 12, 2022 is hereby GRANTED;

2. Judgment is hereby entered in favor of the Plaintiffs/Judgment Creditors Cynthia Warmbier and Frederick Warmbier with respect to the Subject Funds in the sum of $240,336.41, plus any accrued interest thereon;

3. The Garnishee shall pay and turn over to the Judgment Creditors the Subject Funds in the sum of $240,336.41, plus any accrued interest thereon, within ten (10) business days of the date of this Order via check to counsel for the Judgment Creditors, pursuant to instructions to be furnished to Garnishee by counsel for the Judgment Creditors, in partial satisfaction of the Judgment;

4. This Judgment and Order supersedes and overrides any provisions of 31 C.F.R Part 510, and any other regulations promulgated by OFAC, or any Presidential Executive Orders that otherwise require Garnishee to hold the Subject Funds or that prohibit the payment of those funds to the Judgment Creditors in satisfaction of this Judgment and Order. *See e.g., Est. of Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013) ("in the event a court determines that blocked assets are subject to TRIA, those funds may be distributed without a license from OFAC"); *Weininger v. Castro*, 462 F.Supp. 2d 457, 499 (S.D.N.Y. 2006) (same).

5. Upon delivery of the Subject Funds, including all accrued interest thereon to date, by Garnishee to counsel for the Judgment Creditors, the Garnishee shall be fully discharged from any further obligation or liability relating to the Subject Funds with respect to North Korea or any agency or instrumentality thereof, including KKBC, pursuant to NYCPLR §§ 5209 and 6204; and

6. Upon delivery of the Subject Funds, including all accrued interest thereon to date, by Garnishee to counsel for the Judgment Creditors, all persons and entities are hereby and shall be permanently restrained and enjoined from instituting or prosecuting any claim or action against the Garnishee in any jurisdiction or tribunal arising from or relating to any claim to the Subject Funds that the Garnishee shall have turned over to the Judgment Creditors in compliance with this Order, except that this Court retains jurisdiction to enforce this Order.

**IT IS SO ORDERED.**

DATED:    January 13 , 2022
          Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge